**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOHN RAY MELVIN,

              Plaintiff,

vs.                                                        Case No. 6:16-cv-137-Orl-JRK

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

              Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

John Ray Melvin ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of "p[ost ]t[raumatic ]s[tress ]d[isorder]" ("PTSD"), "back/neck injuries," "hearing loss," and "bilateral knee pain." Transcript of Administrative Proceedings (Doc. No. 17; "Tr." or "administrative transcript"), filed May 6, 2016, at 86, 98, 112, 125 (capitalization omitted). On November 29, 2011, Plaintiff filed applications for DIB and SSI, alleging an onset

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed May 6, 2016; Reference Order (Doc. No. 19), entered May 11, 2016.

disability date of April 1, 2010.  Tr. at 269-73 (DIB), 274-81 (SSI).[3]  Plaintiff's applications were denied initially, see Tr. at 98-109, 110, 146-51 (DIB), 86-97, 111, 140-45, 152 (SSI), and were denied upon reconsideration, see Tr. at 112-24, 138, 157-62 (DIB), 125-37, 139, 163-68 (SSI).

On July 24, 2013, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").  Tr. at 46-85.  A supplemental hearing was then scheduled because a medical expert ("ME") was not available for the first hearing.  Tr. at 215 (request for supplemental hearing), 31.  On June 10, 2014, the ALJ held the supplemental hearing, during which the ALJ heard testimony from Plaintiff (who remained represented by counsel), the VE, and the ME.  Tr. at 29-44.  The ALJ issued a Decision on July 16, 2014, finding Plaintiff not disabled through the date of the Decision.  Tr. at 11-23.

The Appeals Council then received additional evidence in the form of a brief authored by Plaintiff's counsel.  Tr. at 4-5.  On November 25, 2015, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner.  On January 28, 2016, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises two issues: 1) whether the ALJ erred in evaluating certain findings of the Department of Veteran's Affairs ("VA"); namely, a sixty (60) percent disability

---

[3]      Although actually completed on December 1, 2011, see Tr. at 269, 274, the filing date of the applications is listed elsewhere in the administrative transcript as November 29, 2011, Tr. at 11, 86, 98, 112.

rating and the opinions of Plaintiff's treating doctors regarding how his impairments affect him; and 2) whether the ALJ erred in presenting a hypothetical to the VE that did not include the limitations assigned by the doctors at the VA, and also in failing to ask the VE whether her testimony was consistent with the Dictionary of Occupational Titles. Plaintiff's Brief Addressing the Merits of Appeal (Doc. No. 21; "Pl.'s Br."), filed July 10, 2016, at 2-3, (issue statements), 10-20 (argument regarding issue one), 20-24 (argument regarding issue two). On September 6, 2016, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 22; "Def.'s Mem.") addressing the issues raised by Plaintiff.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for further proceedings. Specifically addressing Plaintiff's first argument, the undersigned finds that the ALJ erred in failing to articulate with requisite particularity the weight assigned to the treating doctors' opinions at the VA, and in failing to articulate the weight assigned to the VA's disability rating. On remand, reevaluation of the VA records and findings will likely impact the second issue raised by Plaintiff in this appeal. For this reason, the Court need not address Plaintiff's second issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## **II.  The ALJ's Decision**

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 13-23. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 1, 2010, the alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: mild grade I spondylolisthesis, mild degenerative disc disease, mild to moderate degenerative joint disease of the right and left knee, mild osteoarthritis of the bilateral hands, and [PTSD]." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

-4-

of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§§] 404.1567(a) and 416.967(a) except he requires a sit/stand option with alternating intervals of 45 minutes, he can occasionally climb ramps, stairs, ladders, ropes, or scaffolds, he can occasionally balance, stoop, kneel, crouch, and crawl, he must avoid concentrated exposure to extreme cold and heat, he can occasionally work around wetness or humidity, he can have occasional proximity to mechanical moving parts and work in high places, and he can have only occasional close interpersonal interactions with the public and coworkers.

Tr. at 17 (emphasis omitted). At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as an "order clerk," a "stock clerk," an "assistant manager," a "maintenance worker," a "machine operator," and a "sales person." Tr. at 21 (some emphasis and citation omitted). At step five, the ALJ considered Plaintiff's age ("45 years old . . . on the alleged disability onset date"), education ("a least a high school education and is able to communicate in English"), work experience, and RFC, and relied on the testimony of the VE to find Plaintiff is capable of performing work that exists in significant numbers in the national economy. Tr. at 21-23 (some emphasis omitted). Namely, the ALJ identified representative jobs as "scanner," "clerical assistant," and "ticket checker." Tr. at 22. The ALJ concluded that Plaintiff "has not been under a disability . . . from April 1, 2010, through the date of th[e D]ecision." Tr. at 23 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions

of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the ALJ erred in failing to adequately address the VA findings, particularly those related to the treating doctors' opinions and the sixty (60) percent disability rating. Pl.'s Br. at 10-20. Responding to the argument about the treating doctors' opinions, Defendant argues that the ALJ appropriately assigned "great weight" to the opinion of the ME who testified at the hearing and lesser weight to various other non-examining physicians/psychiatrists who reviewed only some of the medical evidence and gave opinions

on Plaintiff's work-related limitations. Def.'s Mem. at 7-11. Responding to the argument about the disability rating, Defendant concedes that the ALJ did not assign specific weight to the records but argues "any oversight by the ALJ regarding the VA records was at most harmless, as Plaintiff failed to show he was prejudiced by the ALJ's consideration of the VA evaluation." Id. at 13; see id. at 11-13 (citations omitted).

The Regulations establish a "hierarchy" among medical opinions[5] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(e).

---

[5] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

With regard to a treating physician or psychiatrist,[6] the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c). Because treating physicians or psychiatrists "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's or psychiatrist's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's or psychiatrist's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician or psychiatrist should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's or psychiatrist's own medical records. Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v.

---

[6] A treating physician or psychiatrist is a physician or psychiatrist who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An examining physician's opinion, on the other hand, is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted). Moreover, the opinions of non-examining physicians, taken alone, do not constitute substantial evidence. Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (citing Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)). However, an ALJ may rely on a non-examining physician's opinion that is consistent with the evidence, while at the same time rejecting the opinion of "any physician" whose opinion is inconsistent with the evidence. Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B. 1981) (citation omitted).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(c), 416.927(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and

supported by substantial evidence.'" Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

With respect to a VA disability rating, "'Although the V.A.'s disability rating is not binding on the [Commissioner of the Social Security Administration], it is evidence that should be given great weight.'" Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984) (quoting Olson v. Schweiker, 663 F.2d 593, 597 n.4 (5th Cir. 1981));[7] see also 20 C.F.R. § 404.1504.

Here, the ALJ erred in evaluating the VA findings. The ALJ did not address the VA doctors' opinions when addressing the opinion evidence of record. See Tr. at 21. Rather, the ALJ assigned "great weight" to the ME's opinion regarding Plaintiff's physical impairments; "some weight" to a non-examining state agency medical consultant's opinion regarding physical impairments; and evidently great weight to a non-examining state agency psychological consultant's opinion regarding mental impairments. Tr. at 21.

As Plaintiff's counsel pointed out during the supplemental hearing, a VA psychologist performed a psychological evaluation and rendered an opinion regarding Plaintiff's PTSD and the effects of the disorder. Tr. at 32, 37-39 (supplemental hearing), 762-69 (evaluation). The ALJ addressed this opinion in two places in the Decision. First, the ALJ very briefly summarized Plaintiff's reported PTSD symptoms and the resulting "occupational and social impairment with deficiencies in most areas" when discussing whether Plaintiff meets or

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit that were rendered prior to the close of business on September 30, 1981.

-10-

equals a Listing. Tr. at 14. Second, the ALJ addressed a very small portion of the report in finding that Plaintiff's PTSD symptoms are not as limiting as Plaintiff suggests:

> The undersigned further notes that the evaluation of [Plaintiff's] PTSD at the September 2011 C and P examination took place a month after he began treating at the VA, and the reported symptoms and their impact on his functioning appear to exceed the scope of the actual progress notes and [Plaintiff's] treatment course, which primarily involved medication management every several months. For example, the C and P indicates that there was persistent danger that [Plaintiff] would hurt himself or others, yet the progress notes indicate that he never expressed homicidal thoughts, plan or ideation. Other than one phone call to the suicide hot line in February 2012 (and it appears that [Plaintiff] later denied he had any suicidal thoughts), he stated that he did not have any suicidal thoughts or plans, and he never required inpatient treatment. The undersigned therefore finds that given [Plaintiff's] minimal treatment course, which primarily consisted of medication management every few months, [Plaintiff's] PTSD symptoms do not incapacitate him to the degree alleged.

Tr. at 16. Defendant contends this discussion reveals that the ALJ "properly considered the VA records" as they relate to Plaintiff's PTSD, even though the ALJ did not assign any particular weight to the opinions set forth in the report. Def.'s Mem. at 11. The undersigned disagrees.

As summarized above, the ALJ focused on one finding in the report that the ALJ found to conflict with Plaintiff's treatment notes: there is a persistent danger of Plaintiff hurting himself or others. Tr. at 16. From this observation, the ALJ made the ultimate finding that Plaintiff's PTSD is not as severe as he alleges. Tr. at 16. Yet, as explained below, the report contains many other findings about how Plaintiff's PTSD affects him, and none of those findings were acknowledged or addressed by the ALJ. Compare Tr. at 14, 16 (ALJ addressing report) with Tr. at 762-69 (report).

According to the report, Plaintiff "experienced, witnessed or was confronted with an event that involved actual or threatened death or serious injury, or a threat to the physical integrity of self or others" and Plaintiff's "response involved intense fear, helplessness, or horror." Tr. at 765. The report further states that "[t]he traumatic event is persistently reexperienced" by "[r]ecurrent and distressing recollections of the event, including images, thoughts or perceptions," "[r]ecurrent distressing dreams of the event," "[i]ntense psychological distress at exposure to internal or external cues that symbolize or resemble an aspect of the traumatic event," and "[p]hysiological reactivity on exposure to internal or external cues that symbolize or resemble an aspect of the traumatic event." Tr. at 765-66.

As a result of the PTSD, Plaintiff experiences "[e]fforts to avoid thoughts, feelings or conversations associated with the trauma," "[e]fforts to avoid activities, places or people that arouse recollections of the trauma," "[m]arkedly diminished interest or participation in significant activities," "[f]eeling of detachment or estrangement from others," and "[r]estricted range of affect (e.g., unable to have loving feelings)." Tr. at 766. Plaintiff further experiences "[d]ifficulty falling or staying asleep," "[i]rritability or outbursts of anger," "[d]ifficulty concentrating," "[h]ypervigilance," and "[e]xaggerated startle response." Tr. at 766.

According to the report, Plaintiff's symptoms include "[d]epressed mood," "[a]nxiety," "[s]uspiciousness," "[c]hronic sleep impairment," "[m]ild memory loss, such as forgetting names, directions or recent events," "[i]mpaired judgment," "[d]isturbances of motivation and mood," "[d]ifficulty in establishing and maintaining effective work and social relationships," "[d]ifficulty in adapting to stressful circumstances, including work or a worklike setting,"

"[i]nability to establish and maintain effective relationships," "[i]mpaired impulse control, such as unprovoked irritability with periods of violence," and "[p]ersistent danger of hurting self or others." Tr. at 766-67.

The ALJ's failure to assign any weight to the report, and limited discussion of it elsewhere in the Decision, necessitates remand because the discussion is not detailed enough to satisfy the undersigned that the ALJ properly considered the report. Given that the VE during the supplemental hearing testified an individual with the limitations opined by the VA psychologist would be precluded from performing all work, Tr. at 41-43, it is important that the ALJ consider the entire report and explicitly state the weight afforded to the opinions set forth in it; if discounted, the ALJ must state why with particularity. See, e.g., Winschel, 631 F.3d at 1179.

In addition, to the extent the ALJ rejected the opinions of the VA treating doctors regarding Plaintiff's physical issues in favor of the ME's opinion, the ALJ did not explain why. See Tr. at 21. The ALJ, therefore, must do so with the requisite specificity on remand. See, e.g., Winschel, 631 F.3d at 1179.

Finally, the ALJ did not assign any weight to Plaintiff's VA disability rating. Both Plaintiff's testimony and the VA records establish that Plaintiff was assigned a specific disability rating by the VA. See, e.g., Tr. at 51 (testimony that Plaintiff has a sixty (60) percent VA disability rating), 634, 664 (VA records indicating Plaintiff has a twenty (20) percent VA disability rating based on PTSD), 663 (VA record indicating Plaintiff has a twenty (20) percent VA disability rating based on physical issues), 724 (VA record indicating Plaintiff has a fifty (50) percent physical disability rating). "It is not disputed that the VA's 'disability'

determination relies on a different criteria than the [Social Security Administration's] determination. But that does not mean that the ALJ can summarily ignore the VA's determination . . . ." Brown-Gaudet-Evans v. Comm'r of Soc. Sec., ___ F. App'x ___, 2016 WL 7157976, at *1 (11th Cir. Dec. 8, 2016) (unpublished). Thus, on remand, the ALJ must assign the appropriate weight to the VA disability rating. Although the ALJ on remand "is not required to give the VA's disability determination controlling weight . . . the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." Id. (citation omitted).

## V. Conclusion

After due consideration, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

   (A)   Reevaluate the opinions of the VA psychologist and treating physicians, stating with particularity the weight assigned and the reasons for that weight;

   (B)   Reevaluate the VA's disability rating, ensuring that it is closely scrutinized and, if discounted, provide specific reasons for doing so;

   (C)   If appropriate, address the other issue raised by Plaintiff in this appeal; and

(D) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on March 27, 2017.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record