UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN RAY MELVIN,

    Plaintiff,

v.   Case No:   6:16-cv-137-LHP

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant

## ORDER

This cause comes before the Court on Shea A. Fugate's Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b).  Doc. No. 39.  The Commissioner neither supports nor opposes.  *Id.* at 19; Doc. No. 40.  Upon review, and for the reasons that follow, the motion (Doc. No. 39) will be **GRANTED**.

**I.   BACKGROUND.**

On January 28, 2016, prior to filing the above-styled case, John R. Melvin ("Claimant") entered into a contingency fee agreement with Shea A. Fugate Esq., for the purpose of appealing Defendant, the Commissioner of Social Security's ("Commissioner"), denial of his claim for benefits under the Social Security Act.

Doc. No. 39-1.   In the event the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Fugate a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded.   *Id.*

On January 28, 2016, Claimant filed a complaint against the Commissioner, alleging that the Commissioner improperly denied his request for disability benefits.   Doc. No. 1.   On March 27, 2017, the Court reversed and remanded the Commissioner's decision.   Doc. No. 23.   Judgment was entered accordingly on March 30, 2017.   Doc. No. 24.

Thereafter, Attorney Fugate filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.   Doc. No. 25.   In the motion, Attorney Fugate stated that she spent 29.5 hours on this case.   *Id.* at 1.   The Court granted the motion and awarded a total of $5,682.29 in attorney's fees under the EAJA.   Doc. No. 26; *see also* Doc. No. 27.

On remand, the Commissioner found that Claimant was disabled for a closed period, from March 2012 through April 2014.   Doc. No. 39, at 2; Doc. No. 39-2.[1]

---

[1] In the motion, Attorney Fugate states that the closed period of disability was September 29, 2011 through January 2014.   Doc. No. 39, at 2.   It is unclear where those dates come from, as the Notice of Award states that the past due benefits were owed from March 2012 through April 2014.   *See* Doc. No. 39-2, at 2.   The dates of this award are not dispositive here, however, and thus the Court uses the dates provided in the Notice of Award, Doc. No. 39-2.

Claimant was awarded $30,808.00 in past-due benefits.  Doc. No. 39-2, at 2.  Based thereon, on October 1, 2021, Attorney Fugate petitioned for an award of fees pursuant to 42 U.S.C. § 406(b).  Doc. No. 28.  The Court granted the motion, and awarded Attorney Fugate a total of $2,019.71 under § 406(b), which was 25% of the past-due benefits awarded ($7,702.00), minus the $5,682.29 in previously awarded EAJA fees.  Doc. No. 30.[2]

During subsequent administrative proceedings, Claimant was found disabled from February 2014 onward.  Doc. No. 39, at 2–3; Doc. No. 39-3.  On August 19, 2024, a "Notice of Change in Benefits" issued regarding the benefits due, stating that Claimant was owed past due benefits totaling $170,522.70 for April 2014 through July 2024.  Doc. No. 39-3.  However, another "Notice of Change in Benefits" issued on August 6, 2025, regarding "new information about the disability benefits," setting forth different figures for the award of past-due benefits from April 2014 to July 2024.  Doc. No. 39-4.  According to the August 6, 2025 "Notice of Change in Benefits," Claimant was due a total of $170,552.00 in outstanding past-

---

[2] An attorney cannot recover a fee for the same work under both the EAJA and § 406(b)—both of which compensate the attorney for the attorney's efforts before the district court.  If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

due benefits, with Claimant to receive a payment of $127,914.00, and the SSA withholding the remainder of $42,638.00 (25% of the total past due benefits) for payment of attorney's fees. *Id.* at 1–3. Claimant avers that he did not receive the payment of these past due benefits until mid-August 2025. Doc. No. 39-5.

Based thereon, Attorney Fugate seeks authorization to collect attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $42,630.67, which she says is 25% of the total amount of past due benefits awarded during the subsequent administrative proceedings, although she bases the percentage on the August 2024 "Notice of Change in Benefits" figures, rather than the August 2025 "Notice of Change in Benefits," which 25% calculation would be $42,638.00. Doc. No. 39. Claimant also asks that the Court approve the fee of $42,630.67. Doc. No. 39-5.[3]

## II.   APPLICABLE LAW.

Attorney Fugate seeks attorney's fees pursuant to 42 U.S.C. § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may

---

[3] Upon consideration, given Attorney's Fugate's representations in the motion, in light of the August 6, 2025 "Notice of Change in Benefits" and Claimant's averments related thereto, Doc. Nos. 39-4, 39-5, and in the absence of any objection from the Commissioner, Doc. No. 40, the Court treats Attorney Fugate's motion as timely based on the facts of this case. *See, e.g.*, *Beman v. Comm'r of Soc. Sec.*, No. 6:17-cv-614-Orl-LRH, 2020 WL 13389833, at *1 n.1 (M.D. Fla. Nov. 10, 2020) (finding § 406(b) motion timely in part based on lack of objection from the Commissioner); *Gray v. Saul*, No. CV 15-00522-B, 2019 WL 13218821, at *2 (S.D. Ala. July 10, 2019) (finding § 406(b) fee petition timely given history of case and lack of objection regarding timeliness by the Commissioner).

> determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[4]  The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id*. § 406(b)(2).   Therefore, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  *Id*. at 1277.   Accordingly, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover attorney's fees for the

---

[4] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the 25% limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).  In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the 25% limit on the amount of fees that could be awarded from past-due benefits.  *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970).  Accordingly, the Court has not considered any § 406(a) fees that have been awarded to Claimant's administrative representative.

work performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits. *Id.*

The reasonableness of an attorney fee under § 406(b) depends on whether the claimant agreed to pay the attorney an hourly rate or a contingency fee. In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). However, a court cannot rely solely on the existence of a contingency fee agreement. *See Gisbrecht*, 535 U.S. at 807–08. Rather, a court must review the contingency fee agreement as an independent check to ensure that it yields a reasonable result in each particular case. *Id.* In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings. *See id.* at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent and billing rate do not control a court's determination of overall reasonableness). The attorney seeking fees under § 406(b) bears the burden of

showing that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

### III.  ANALYSIS.

Attorney Fugate represented Claimant before this Court and, through her advocacy, achieved a reversal and remand of the Commissioner's final decision. *See* Doc. Nos. 1, 21–24.  Ultimately, the Commissioner found that Claimant was disabled and awarded her past-due benefits, outside of the closed period of disability previously found.  Doc. Nos. 39-3, 39-4; *see also* Doc. No. 39-2.  Attorney Fugate is therefore entitled to an award of attorney's fees under § 406(b).  *See Bergen*, 454 F.3d at 1271.

Attorney Fugate is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded to Claimant, *i.e.*, $42,638.00.   *See* 42 U.S.C. § 406(b)(1)(A); Doc. Nos. 39-4.   By the present motion, Attorney Fugate requests only $42,630.67.   Doc. No. 39.   Attorney Fugate already refunded the EAJA fee award to Claimant by reducing her prior request for attorney's fees under § 406(b) regarding the closed period of disability.   *See* Doc. Nos. 28, 30.

The Court finds that the amount requested in § 406(b) fees is reasonable based on the facts of this case.   First, Claimant entered into a contingency fee agreement, in which he agreed to pay Attorney Fugate a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded.   *See* Doc. No. 39-1.   This

agreement militates in favor of finding that the requested amount is reasonable. *See Wells*, 907 F.2d at 371. Second, Attorney Fugate spent a total of approximately 29.5 hours litigating Claimant's case before this Court. *See* Doc. No. 28; Doc. No. 39, at 4. As a result of Attorney Fugate's advocacy, Claimant became entitled to past-due benefits. *See* Doc. Nos. 39-3, 39-4. Third, there is no evidence that Attorney Fugate caused any delays in this case. Finally, Attorney Fugate undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits. In light of the foregoing, the Court finds that Attorney Fugate's request for $42,630.67 in attorney's fees under § 406(b) reasonable under the circumstances of this case.

## IV. CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1. Shea A. Fugate's Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 39) is **GRANTED**.

2. Attorney Fugate is authorized to charge and collect from Claimant a total of $42,630.67 under § 406(b).

**DONE** and **ORDERED** in Orlando, Florida on November 3, 2025.

                                                                           _____
                                                                           LESLIE HOFFMAN PRICE
                                                                           UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record